IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEVARION CLARK, #01982912,<br>       Petitioner, | §<br>§<br>§ |
| v. | §    CIVIL CASE NO. 3:16-CV-2870-G-BK |
| | § |
| LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Div.,<br>       Respondent. | §<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, the petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, the petition should be **DENIED**.

**I. BACKGROUND**

In 2015, a Dallas County jury convicted Petitioner of the felony offense of assault-family violence committed after conviction of a previous assault-family violence offence.[1] *State v. Clark*, No. 05-15-00142-CR, 2016 WL 1733389 (Tex. App.–Dallas, Apr. 28, 2016). After finding true the enhancement paragraphs alleging Petitioner's prior convictions of two felony offenses, the jury imposed a sentence of 25 years' imprisonment. *Id*. Petitioner's conviction was affirmed on direct appeal, *id.*, and, subsequently, the Texas Court of Criminal Appeals

---

[1] Petitioner was convicted in *State v. Clark*, No. F-1470983-R (265th Jud. Dist. Ct., Dallas Cty., 2015).

summarily denied state habeas relief without issuing a written order. *Ex parte Clark*, No. WR-62,483-02 (Tex. Crim. App. Aug. 10, 2016); Doc. 22-12.[2]

On October 12, 2016, Petitioner filed this *pro se* federal petition. He complains the evidence was not legally sufficient to support his conviction and that his offense classification and sentence were improperly enhanced. Doc. 3 at 6. Respondent counters that the first claim is unexhausted and procedurally barred and the second claim lacks merit. Doc. 24. Petitioner filed a reply. Doc. 25.

## II. ANALYSIS

### A. Petitioner's Claim of Insufficient Evidence is Unexhausted and Procedurally Barred.

Petitioner's insufficiency-of-the-evidence claim is procedurally defaulted and, thus, barred from review on the merits, because he failed to raise it on direct appeal, raising it only in his state habeas application. *See Reed v. Thaler*, 428 F. App'x 453, 454 (5th Cir. 2011) (per curiam) (when a petitioner raises a sufficiency claim only in his state habeas application, "the Texas Court of Criminal Appeals' denial of his application [is] based on an independent and adequate Texas procedural ground such that his sufficiency claim is procedurally defaulted"). Petitioner's reference to filing a "supplemental brief" in the trial court on June 16, 2016, in which he challenged the sufficiency of the evidence, Doc. 25 at 1,[3] is of no moment. Even if the pleading could be considered to raise the insufficiency issue, it was untimely filed – some 45 days after Petitioner's conviction had already been affirmed on direct appeal. Doc. 25 at 12-13.

Petitioner also has not met his burden to demonstrate cause for the default and actual prejudice or that a fundamental miscarriage of justice would occur if the Court were to refuse to

---

[2] The state habeas court record is available at Doc. 22-14.
[3] The brief was styled as *Memorandum Opinion* and is available in the state criminal docket sheet, Case No. F-1470983, at http://courtecom.dallascounty.org/publicaccess/.

consider his claim. *See Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Martinez v. Ryan*, 566 U.S. 1, 13 (2012) ("only where a prisoner is impeded or obstructed in complying with the State's established procedures will a federal habeas court excuse the prisoner from the usual sanction of default"). In his reply, Petitioner generally mentions the phrase "cause and prejudice," and instead focuses his argument on the merits of his insufficiency-of-the-evidence claim. Doc. 25 at 2. Consequently, Petitioner's sufficiency claim is procedurally barred from federal habeas review.

**B. Petitioner's Remaining Claims Lack Merit**

Petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v, Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011), because the decision of the state court is reviewed under a "highly deferential" standard and afforded the "benefit of the doubt." *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). Section 2254(d) "was meant to stop just short of imposing a complete bar to federal court relitigation of claims already rejected in state court proceedings, allowing for federal habeas relief only where there have been extreme malfunctions in the state criminal justice systems." *Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011) (quoting

*Richter*, 562 U.S. at 102) (internal quotation marks omitted). Consequently, if "fairminded jurists could disagree on the correctness of the state court's decision, federal habeas relief should not be granted." *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)) (internal quotation marks omitted). Explained differently, "even if the federal court disagrees with the state court ruling, the federal court should not grant habeas relief unless the state court ruling was objectively unreasonable." *Wilson*, 641 F.3d at 100; *see also Richter*, 562 U.S. at 101 ("an *unreasonable* application of federal law is different from an *incorrect* application of federal law") (emphasis in original). This deferential standard of review applies even where the state court, as in this case, summarily denied all claims without written order. *See Richter*, 562 U.S. at 100 ("§2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'").

### C. Petitioner's Sentence was Properly Enhanced

Petitioner asserts that the court wrongly enhanced his offense classification and his sentence range, because the prior convictions on which the enhancements are based occurred more than ten years before the instant offense and also are "not within the jurisdiction of the court." Doc. 3 at 6. Specifically, Petitioner complains that it was improper to use his prior conviction for assault-family violence[4] to enhance his offense classification from a misdemeanor to a felony and his prior felony conviction for aggravated assault[5] to enhance the penalty range, since both convictions, occurring in 2001 and 2003, respectively, were more than ten years old. Doc. 3 at 6. He also contends that the Dallas County trial court lacked jurisdiction to use his

---

[4] *State v. Clark*, No. 0M1854-CCL (Bowie Cty Ct at Law Aug. 16, 2001); Doc. 22-7 at 18 (copy of judgment).
[5] *State v. Clark*, No. 02F0088-202 (202nd Dist. Ct., Bowie Cty, May 12, 2003); Doc. 22-7 at 38 (copy of judgment).

prior assault-family violence conviction to enhance his offense level and his prior aggravated assault and retaliation[6] convictions to enhance his sentencing range, since each prior conviction occurred in Bowie County. Doc. 3 at 6.

The Texas Penal Code provides that an offense of assault-family violence committed after the defendant's prior conviction for assault-family violence is a third-degree felony. TEX. PEN. CODE ANN. § 22.01(b)(2). It also provides that a felony conviction enhanced by two previous felony convictions is punishable by imprisonment of not less than 25 years or more than 99 years or life. TEX. PEN. CODE ANN. § 12.42(d). Contrary to Petitioner's argument, however, neither statute imposes any temporal or geographical limitations on the prior convictions that can be used to enhance. *See* TEX. PEN. CODE ANN. § 12.42(d); TEX. PEN. CODE ANN. § 22.01(b)(2). *See also Hall v. Scott*, 32 F.3d 566, *4 (5th Cir. 1994) (unpublished) (holding that "[t]he law is well settled in Texas that the remoteness of the prior felony convictions does not affect their admissibility for purposes of enhancement") (citing *Joles v. State*, 563 S.W.2d 619, 621-22 (Tex. Crim. App. 1978)).

Accordingly, Petitioner has not shown that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. As such, his claim fails.

Lastly, in the brief in support of his federal petition, Petitioner states that the enhancement of his sentence violated the Ex Post Facto Clause of the Constitution. Doc. 3 at 20-

---

[6] *State v. Clark*, No. 07F0316-202 (202nd Dist. Ct., Bowie Cty, Jan. 12, 2009); Doc. 22-7 at 32 (copy of judgment of probation); Doc. 22-7 at 69 (copy of judgment revoking probation);

21. However, Petitioner failed to raise such a claim in his state habeas application, therefore, insofar as he seeks to do so now, it is unexhausted and procedurally barred. *See Ries v. Quarterman*, 522 F.3d 517, 523-524 (5th Cir. 2008) (failure to exhaust state court remedies constitutes a procedural default that bars federal court from considering claim in federal habeas petition); *see also* Doc. 22-14 at 10-13 (state habeas application).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

**SIGNED** March 5, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE